**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ***In re the Application of*** | ) | |
| | ) | |
| **EVA MARIA MARCO CABRERA,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-2579-KHV** |
| **MARK ANTHONY STOVER,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner's unopposed Motion For Costs And Attorneys Fees (Doc. #12) filed December 22, 2003. For reasons set forth below, the Court finds that petitioner's motion should be sustained in part.

On December 12, 2003, this Court heard evidence on the Petition For Return Of Children To The Petitioner (Doc. #1) filed November 18, 2003 by Eva Maria Marco Cabrera pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11601, et seq. ("ICARA"), and the Hague Convention on the Civil Aspects of International Child Abduction. The Court found that respondent had wrongfully removed the parties' minor children, Miquel Allen Stover Marco and Alejandro Stover Marco, from Spain to the United States. The Court ordered the children returned to the custody of petitioner for immediate return to Spain. Petitioner now asks the Court to order respondent to pay the costs, attorney's fees and other expenses incurred as a result of the wrongful removal.

The ICARA,42 U.S.C. § 11607(b)(3), provides for payment of expenses as follows:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

Petitioner asserts that she incurred the following legal costs: attorney fees for Ronald W. Nelson, $10,320.00; paralegal fees, $45.00; filing fee, $150.00; process service fee, $150.00; miscellaneous legal costs and expenses, $132.72; attorney fees for Spanish counsel, $2,500.00; and costs of $100.00. The court finds that legal fees and costs were necessary expenses and that petitioner is entitled to an award of $13,397.72 for legal expenses.[1]

Petitioner also requests reimbursement for the following expenses which are not supported by an affidavit: "travel costs," $1,000.00; airfare, $1,000.00; vehicle rental, $150.00; food and lodging, $400.00. The Court finds that the airfare, vehicle rental and food and lodging costs are necessary expenses. Petitioner has not explained the basis for the additional $1,000.00 in travel costs and the Court cannot find that these unspecified costs were a necessary expense. The Court therefore finds that petitioner incurred $1,550.00 in necessary travel expenses.

Petitioner is entitled to an award of expenses of $10,797.72 for U.S. legal fees and costs, $2,600.00 for Spanish legal fees and costs, and $1,550.00 for travel expenses.

---

1 Plaintiff submitted an affidavit verifying the attorney expenses.

**IT IS THEREFORE ORDERED** that petitioner's unopposed Motion For Costs And Attorneys Fees (Doc. #12) filed December 22, 2003 be and hereby is **SUSTAINED in part**. Respondent Mark Anthony Stover shall pay petitioner Eva Maria Marco Cabrera expenses in the amount of **$14,947.72**.

Dated this 5th day of May, 2004 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge